**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CLEO COOPER,

        Petitioner - Appellant,

v.

EDDIE WILSON, Wyoming
Department of Corrections State
Penitentiary Warden,

        Respondent - Appellee.

No. 13-8047
(D.C. No. 11-CV-00023-CAB)
(D. Wyo.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **HOLMES**, and **MATHESON**, Circuit Judges.

        Petitioner-Appellant Cleo Cooper, proceeding pro se, seeks a certificate of

appealability (COA) to challenge the district court's denial of his 28 U.S.C.

§ 2254 petition. Because Mr. Cooper has not shown "that jurists of reason would

find it debatable whether the petition states a valid claim of the denial of a

constitutional right and that jurists of reason would find it debatable whether the

district court was correct in its procedural ruling," Slack v. McDaniel, 529 U.S.

473, 484 (2000), we deny his request for a COA and dismiss this appeal.

        In two separate orders, the district court resolved Mr. Cooper's § 2254

petition. I R. 200–22 (Order on Motion to Dismiss); id. at 418–42 (Order

Granting Respondent's Motion for Summary Judgment). Seeking a COA from this court, Mr. Cooper reasserts five of the claims raised below. He argues that: (1) the trial court abused its discretion by allowing certain expert testimony; (2) the cumulative effect of several acts of prosecutorial misconduct prejudiced him and denied him a fair trial; (3) the admission of surveillance video evidence denied him due process; (4) he received ineffective assistance of trial and appellate counsel; and (5) the written judgment and sentence was inconsistent with the oral sentence. Aplt. Br. 2. We address each issue in turn.

Concerning the first two claims, as explained by the district court, the Wyoming Supreme Court's decisions on the expert testimony and prosecutorial misconduct issues were neither contrary to, nor an unreasonable application of clearly established federal law, nor were the decisions based on an unreasonable determination of the facts. See I R. 429–35.

As for the third claim, reasonable jurists could not debate the district court's procedural ruling. Mr. Cooper failed to raise the video surveillance claim on direct appeal or in post-conviction proceedings. Id. at 209–14. As a result, Wyoming state courts would find the claim procedurally defaulted (and ineligible for a statutory exception). See id. at 211–14 (citing Wyo. Stat. Ann. § 7-14-103). Therefore, because Mr. Cooper has not demonstrated cause and prejudice or a fundamental miscarriage of justice, his claim is procedurally barred. See Cummings v. Sirmons, 506 F.3d 1211, 1224 (10th Cir. 2007).

In his fourth claim, Mr. Cooper alleges trial and appellate counsel were ineffective for failing to challenge the admission of certain expert testimony and failing to argue against the admission of video surveillance evidence.[1] But Mr. Cooper failed to exhaust these arguments in state court and is now procedurally barred from doing so. Therefore, because he has not shown cause and prejudice or a fundamental miscarriage of justice, this claim is unavailing in his § 2254 petition.[2] See id.

Concerning claim five, the Wyoming trial court did not contradict or unreasonably apply clearly established *federal* law when it denied Mr. Cooper's motion to correct his sentence, let alone state law. See I R. 435–40. Under Wyoming law, "an *unambiguous* oral pronouncement prevails over a contrary provision in a written order." Britton v. State, 211 P.3d 514, 519 (Wyo. 2009) (emphasis added). But the oral pronouncement here was *ambiguous*. So Mr. Cooper's ineffective assistance claim based on appellate counsel's alleged failure to challenge the sentencing discrepancy is not reasonably debatable. Nor is the district court's conclusion that appellate counsel's performance was constitutionally sufficient. See I R. 440–41.

---

[1] We deal with Mr. Cooper's third ineffective assistance argument— counsel's failure to challenge the sentencing discrepancy—below.

[2] Whether Mr. Cooper's § 2254 petition can even be construed as raising these arguments is debatable. See I R. 29–54. However, because we find both arguments procedurally barred, we need not decide the issue.

Finally, to the extent Mr. Cooper argues that his sentence violates the ex post facto clause, we reject the argument as waived because it was not raised in district court. Further, the written order merely clarified the oral sentence; it did not purport to retroactively apply a newly enacted law or guideline. Accordingly, there is no ex post facto issue.

We GRANT IFP status, DENY a COA and DISMISS the appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge